#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AVERY JAMES HARDAWAY** : | **CIVIL ACTION** |
| : | |
| **v.** : | **NO. 24-2023** |
| : | |
| **TRADER JOE'S COMPANY** : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                 **May 20, 2024**

      Philadelphian Avery J. Hardaway *pro se* sued Trader Joe's last week because it did not hire him in Summer 2022 based on his religion and other discriminatory conduct in violation of federal law. We granted him leave to proceed without paying filing fees and must now screen his allegations for merit before issuing summons. He is time barred as he waited over 300 days from the alleged discriminatory conduct to file an administrative claim and then waited over ninety days to sue in this Court after the administrative agency issued a right to sue letter. His sworn facts confirm his claim is time barred. Mr. Hardaway does not plead a cognizable claim. We dismiss Mr. Hardaway's claims as untimely and, even if timely, as not pleading a claim for relief under the Law.

**I.  Alleged pro se facts**

      Mr. Hardaway applied for a job at the Trader Joe's store in Philadelphia on August 1, 2022.[1] He went to the store to follow up with the manager.[2] The manager asked repeatedly about Mr. Hardaway's unavailability to work on Saturdays.[3] Mr. Hardaway considers Saturday a day of rest according to his religion, "Sabbath."[4] The unidentified Trader Joe's manager did not "seem receptive."[5] Trader Joe's did not "select" Mr. Hardaway for a position but the Trader Joe's website

displayed an advertisement "Interested in Crew?"[6] Mr. Hardaway called Trader Joe's months later.[7] An unidentified person at Trader Joe's informed Mr. Hardaway it was not hiring.[8]

Mr. Hardaway filed a complaint against Trader Joe's with the Equal Employment Opportunity Commission in August 2023.[9] The Equal Employment Opportunity Commission issued him a "Notice of Right to Sue Letter" in December 2023.[10]

Mr. Hardaway pro se sued Trader Joe's on May 13, 2024. He identified the discriminatory conduct as: a failure to hire, a failure to reasonably accommodate his disability, a failure to reasonably accommodate his religion, retaliation, and "other."[11] We granted Mr. Hardaway leave to proceed last week without paying the filing fees after studying his sworn financial condition.[12]

## II. Analysis

Congress requires we now must screen the Complaint after we granted leave to proceed without paying the filing fees. Our screening obligations require us to dismiss Mr. Hardaway's complaint if his claim is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."[13] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B), we apply the same standard provided in Federal Rule of Civil Procedure 12(b)(6).[14] We must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[15] We construe Mr. Hardaway's pro se Complaint liberally and "hold it to 'less stringent standards than formal pleadings drafted by lawyers.'"[16]

### A. We dismiss Mr. Hardaway's complaint as time barred.

Mr. Hardaway sues Trader Joe's for employment discrimination under Title VII, 42 U.S.C. § 2000e, *et seq*. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex, and national origin.[17]

2

Congress in Title VII requires a plaintiff to first file a complaint with the Equal Employment Opportunity Commission within 300 days of the alleged unlawful employment practice.[18] The Equal Employment Opportunity Commission will then issue to the complainant a notice of the right to sue, also known as a "right-to-sue letter."[19] The complainant must then bring his claim in federal court within ninety days of receipt of the notice of the right to sue.[20]

A Title VII claim is time-barred if a charge with the Equal Employment Opportunity Commission is not filed within the prescribed time period.[21] These are administrative remedies a plaintiff must exhaust before bringing a claim for judicial relief in federal court.[22] Failure to file a timely charge with the Equal Employment Opportunity Commission may be grounds for dismissal and may be raised, like a statute of limitations affirmative defense, under Rule 12(b)(6) where the bar is apparent on the face of the complaint.[23]

Mr. Hardaway's complaint is time barred on its face. Mr. Hardaway alleges he applied for a job at Trader Joe's on August 1, 2022 and the discriminatory act occurred on that date.[24] He concedes Trader Joe's did not continue committing the alleged discriminatory acts because he withdrew his application.[25] Mr. Hardaway had 300 days to file a charge with the Equal Employment Opportunity Commission. Mr. Hardaway did not file a charge with the Commission until an unspecified date in August 2023, well over 300 days later.[26] Counting from August 1, 2022, the 300-day period expired on May 30, 2023.

Even if Mr. Hardaway timely filed a charge of discrimination with the Commission, he failed to timely file his complaint in federal court. Mr. Hardaway alleges he received a right-to-sue letter from the Commission on an unspecified date in December 2023.[27] Even assuming Mr. Hardaway received a right-to-sue letter on December 31, 2023, he had 90 days to file a complaint

in court. The 90-day period expired on April 1, 2024. Mr. Hardaway did not file his complaint until May 7, 2024, over one month later.

We dismiss Mr. Hardaway's complaint as time barred without prejudice to plead facts allowing us to plausibly infer he may toll the limitations period.

### B. Mr. Hardaway does not plead religion-based disparate treatment or failure to accommodate his religious practice.

Even if timely, Mr. Hardaway does not plead Trader Joe's failed to hire him because of his religion and failed to reasonably accommodate his religion regarding Saturday work.

Congress through Title VII prohibits employers from failing to hire a job applicant because of his religion, including religious practices.[28] Congress also requires employers to make reasonable accommodations for their employees' religious beliefs and practices unless doing so would result in "undue hardship" to the employer.[29] We liberally read Mr. Hardaway as alleging Trader Joe's failed to hire him because of his religion and Trader Joe's failed to accommodate his religious practice of not working on Saturdays.[30]

To state a claim for religion-based disparate treatment, Mr. Hardaway must allege: (1) he is a member of a protected class; (2) he is qualified and rejected for the position he sought; and (3) those outside his protected class were treated more favorably.[31] Mr. Hardaway alleges he is of the "Sabbath" religion, satisfying the first element. But he does not allege he is qualified for the position and those outside his protected class were treated more favorably by Trader Joe's.

To state a Title VII claim for failure to accommodate a religious belief and practices, Mr. Hardaway must plead: "(1) [h]e holds a sincere religious belief that conflicted with a job requirement; (2) [h]e informed [Trader Joe's] of the conflict; and (3) [h]e was disciplined for failing to comply with the conflicting requirement."[32] Mr. Hardaway must plead his "need for a[] [religious] accommodation was a motivating factor" in Trader Joe's decision not to hire him.[33] He

4

does not plead facts allowing us to infer his observation of the Sabbath motivated Trader Joe's to deny his application.

We dismiss his claim for religion-based disparate treatment and failure to accommodate his religious practice.

### C. Mr. Hardaway does not plead Trader Joe's failed to reasonably accommodate a disability or a retaliation claim.

Congress prohibits employers from retaliating against employees "because he has opposed any practice made an unlawful employment practice by this subchapter ...."[34] Mr. Hardaway must plead he "(1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against [him]; and (3) there was a causal connection between [his] participation in the protected activity and the adverse employment action."[35] He does not plead any elements of a Title VII retaliation claim.

Congress prohibits employers from discrimination based on disability, including a failure to accommodate a qualified individual with a disability.[36] Mr. Hardaway must allege: (1) he is a disabled person within the meaning of the Americans with Disabilities Act; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination "[which] in this context include[s] refusing to make reasonable accommodations for a plaintiff's disabilities."[37] Mr. Hardaway does not allege he is disabled within the meaning of the Americans with Disabilities Act, he is qualified for the position at Trader Joe's with or without a reasonable accommodation for his disability, and he suffered discrimination because Trader Joe's refused to make a reasonable accommodation for his unpleaded disability.

### III. Conclusion

We dismiss Mr. Hardaway's Complaint without prejudice to timely file an amended Complaint if he can swear facts enabling us to find his claims are timely, and then allow us to plausibly infer religious discrimination, failure to hire, denial of reasonable accommodations, or retaliation.

---

[1] ECF No. 2 at 3, § II. B.

[2] *Id.* § II. E.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4, § III. A.

[10] *Id.* §§ III.A., B.

[11] Next to "Other," Mr. Hardaway specified: "Team Member at (another job not Trader Joe's) on TJs [sic] website." We do not understand this to refer to any discriminatory action because of membership in a protected class.

[12] ECF No. 6.

[13] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[14] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[16] *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

---

[17] Under Title VII, "[i]t shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; … " 42 U.S.C. § 2000e–2(a)(1).

[18] 42 U.S.C. § 2000e-5(e)(1).

[19] *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013).

[20] 42 U.S.C. § 2000e-5(f)(1).

[21] *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

[22] *Mandel*, 706 F.3d at 163 (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)).

[23] *Simko v. United States Steel Corp*, 992 F.3d 198, 204 n. 5 (3d Cir. 2021); *Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017).

[24] ECF No. 2 at 3, § II. B.

[25] *Id.* § II. C.

[26] *Id.* at 4, § III. Mr. Hardaway did not file a charge with the Pennsylvania Human Relations Commission or Philadelphia Commission on Human Relations.

[27] *Id.* § III. B.

[28] *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772 (2015).

[29] *Shelton v. Univ. of Med.& Dentistry of NJ*, 223 F.3d 220, 224 (3d Cir. 2000) (citing 42 U.S.C. §§ 2000e2(a)(1), (j)).

[30] Employees may assert two theories of religious discrimination: disparate treatment and failure to accommodate. *Abramson v. William Patterson College of NJ*, 260 F.3d 265, 281 (3d Cir. 2001) (footnote omitted) (citation omitted).

[31] *Id.* at 281–82 (citation omitted).

[32] *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 490 (3d Cir. 2017) (citing *Shelton*, 223 F.3d at 224); *see also Aron v. Quest Diagnostics Inc.*, 174 F. App'x 82, 83 (3d Cir. 2006) (applying elements of religious discrimination claim from *Shelton* to prospective employee's religious discrimination claim).

[33] *Abercrombie & Fitch Stores, Inc.*, 575 U.S. at 772.

[34] 42 U.S.C. § 2000e-3(a); *Kengerski v. Harper*, 6 F.4th 531, 534 (3d Cir. 2021).

---

[35] *Kengerski v. Harper*, 6 F.4th 531, 536 (3d Cir. 2021).

[36] 42 U.S.C. § 12112.

[37] *Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 186 (3d Cir. 2009).